UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PHILLIP EDWARDS, )<br>      Plaintiff, )<br>)<br>    v. )<br>)<br>GOODYEAR TIRE & RUBBER )<br>COMPANY, )<br>      Defendant. ) | CAUSE NO.: 2:20-CV-448-TLS-JPK |

## **OPINION AND ORDER**

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction, *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002), and dismiss this action if the Court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Currently, the Court is unable to determine if it has subject matter jurisdiction over this litigation.

Plaintiff Phillip Edwards filed a Complaint (ECF No. 1) asserting this Court's subject matter jurisdiction based on diversity of citizenship of the parties. As the party invoking federal jurisdiction, Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). For the Court to have diversity jurisdiction, Plaintiff and Defendant Goodyear Tire & Rubber Company must be citizens of different states, and the amount in controversy must be more than $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff has alleged a sufficient amount in controversy and sufficiently alleged the citizenship of Defendant Goodyear Tire, but the Complaint's allegations are insufficient as to Plaintiff's citizenship.

The Complaint states "Plaintiff is a current resident of the State of Indiana in this Judicial District." (ECF No. 1, ¶ 4). This allegation is insufficient for the purpose of determining diversity of citizenship. Citizenship of a natural person for purposes of diversity jurisdiction is determined

by domicile, not residence, "and domicile is the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Allegations of residency in a state are therefore insufficient. *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (citizenship "depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient."). Rather, Plaintiff must allege his citizenship based on his domicile at the time the Complaint was filed, not merely his residence. (Compl. ¶¶ 1-2, ECF No. 1). *See also Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420 (7th Cir. 2016) ("A natural person is a citizen of the state in which she is domiciled . . . diversity is assessed at the commencement of the action, as defined by Federal Rule of Civil Procedure 3 as the time of pleading").

Given the importance of determining the Court's jurisdiction to hear this case, Plaintiff must sufficiently allege his citizenship at the time of filing his Complaint. Therefore, the Court **ORDERS** Plaintiff to **FILE**, on or before **December 23, 2020**, a supplemental jurisdictional statement that properly alleges his citizenship as stated above.

So ORDERED this 9th day of December, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT